UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Hoeft,

    Plaintiff,

v.

Nathan Eide, et al.,

    Defendants.

ORDER
Civil No. 17-2526 (MJD/LIB)

_____

Plaintiff, *pro* se.

Jay T. Squires and Michael J. Ervin, Rupp, Anderson, Squires & Waldspurger, P.A., Counsel for Defendants.

_____

## I. Introduction

The above matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated October 25, 2018.

## II. Discussion

### A. Background

Plaintiff, a Wisconsin resident, purchased numerous timber sale permits that allowed him to harvest timber in Lake County, Minnesota between 2009 and

2014. In his complaint, Plaintiff alleges that Defendant Nathan Eide told Plaintiff "if it were up to me, you would not have any of these [timber] sales, because the sale that you have could be cut by one of our loggers up here." (Comp. ¶ 14.) Later, Plaintiff alleges he was wrongfully criticized for the manner in which he harvested timber and ultimately was put on an "irresponsible list" because he is a Wisconsin resident. (Id. ¶ 20.)

Plaintiff brought this action against a number of Lake County officials[1] pursuant to 28 U.S.C. §§ 1981, 1983 and 1988, claiming the named defendants discriminated against him because he is a Wisconsin resident, in violation of the Privileges and Immunities Clause. He further claims that they defamed him by criticizing the manner in which he harvested timber and breached the timber permits by interfering in his ability to harvest timber. Plaintiff specifically alleges that "All defendant's are being sued in their personal capacities" (Comp. at 2.) Plaintiff later amended his complaint to add a Lake County Forestry Staff member as a defendant, to add claims of retaliation and conspiracy, and to include additional factual allegations.

---

[1] The named defendants are Nathan Eide, Lake County Minnesota Forestry Commissioner; William Nixon, Lake County Minnesota Forester; Laura Auron, Lake County Minnesota District Attorney; and Russell Conrow, Lake County Minnesota Asst. District Attorney.

### B. Report and Recommendation

Defendants filed a motion for summary judgment, which was referred to the Magistrate Judge. Following briefing and oral argument, the Magistrate Judge issued a Report and Recommendation as to all claims asserted in the Amended Complaint. Plaintiff has filed objections to the recommendation that the Court grant Defendants' motion for summary judgment as to his claims of discrimination under the Privileges and Immunities Clause, breach of contract and retaliation. Plaintiff did not object to the recommendations to dismiss his defamation and conspiracy claims.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court will adopt the Report and Recommendation.

### C. Objections

#### 1. Claim based on the Privileges and Immunities Clause

Plaintiff objects to the Magistrate Judge's finding that the claim based on the Privileges and Immunities Clause fails as a matter of law. Plaintiff further argues that the Magistrate Judge did not consider his evidence in making his recommendations.

Initially, the Court notes that in his objections, Plaintiff states "Had I sued the defendants in their official capacities . . ." (Pl. Objections at 2.) Plaintiff has thus clarified that he did not sue defendants in their official capacities. Therefore, the Magistrate Judge did not err when construing the claims against defendants in their personal capacities.

To state a claim under the Privileges and Immunities Clause, Plaintiff must prove (1) a state law discriminates against out-of-state residents with regard to a privilege or immunity protected by the Clause, and (2) there is insufficient justification for such discrimination. Minnesota ex rel. Hatch v. Hoeven, 456 F.3d 826, 834 (8th Cir. 2006) (citing United Bldg. & Constr. Trades Council of Camden County & Vicinity v. Mayor & Council of the City of Camden, 465 U.S. 208, 218 (1984)).

Here, Plaintiff has alleged that the individual defendants discriminated against him because he is a Wisconsin resident. In support of his claim, Plaintiff has cited to his affidavit, in which he describes a phone conversation between him and Nathan Eide, during which Eide commented "if it were up to me, you would not have any of these [timber] sales, because the sale that you have could be cut by one of our loggers up here." Plaintiff does not allege that Eide was

4

acting pursuant to a state or municipal law when he made this comment; only that he was acting in his capacity as Lake County Land Commissioner.

Plaintiff also points to an email between Eide and Richard Moore, in which Eide comments that "it'd be nice to "weed" these guys out before they start causing problems." (Hoeft Ex. 1.) However, a reading of the entire email string shows that Eide was referencing those loggers that have delinquent accounts, not loggers from Wisconsin. (See id.)

Plaintiff also references a letter dated February 16, 2016, in which defendants told Plaintiff of their concerns as to Plaintiff's performance on the timber sales he had already purchased. (Hoeft Ex. 3.) Plaintiff then claims, with no supporting evidence, that this letter shows discriminatory intent because Minnesota loggers "didn't have to be told by the county which sales they could and could not cut." (Hoeft Opp. Br. at 4.)

Plaintiff further argues he can demonstrate discriminatory animus by demonstrating that the County refunded down payments to a Minnesota logger, but refused to give him his down payment back.

After its *de novo* review of the record and viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to show a

5

genuine issue of material fact as to whether he was discriminated against on the basis of his Wisconsin residency.

With regard to the refund paid to Tim Anderson, the record shows that the County had moved for a restraining order against Anderson in response to Anderson's personal threats and refusal to follow established guidelines and Minnesota law. (Hoeft Ex. 4.) In an effort to resolve the issues between the County and Anderson, Anderson was offered a refund of his down payment regarding several number of timber sales if he agreed to not contest the restraining order and to release any potential claims against the County. (Id. at 7-10.)

By contrast, the record shows that Plaintiff was given multiple extensions on timber sales, but that Plaintiff's failure to pay amounts due and to sign a Memorandum of Understanding were the reasons Plaintiff was removed from the Responsible Bidders list. (Ervin Aff., Ex. L.) Plaintiff does not dispute that he owed money to the County for timber sale permits, nor does he dispute that he refused to sign a Memorandum of Understanding. In addition, Defendants have submitted evidence that the County entered into similar memoranda of agreement with a local logging company. (Ervin, Ex. K, Ans. To Int. No. 7.)

Based on the record as a whole, the alleged comment by Eide suggesting that he would like to have given Plaintiff's timber sales to local loggers – standing alone - is not sufficient to establish a genuine issue of material fact that defendants acted with discriminatory animus. The Court thus overrules Plaintiff's objections to the recommendation that it dismiss Plaintiff's claim based on the Privileges and Immunities Clause.

### 2. Breach of Contract

Plaintiff also objects to the Magistrate Judge's finding that Defendant Eide cannot be personally liable on a claim of breach of the timber sale permits, because Plaintiff did not sue him in his official capacity.

Based on its *de novo* review, the Court will overrule this objection as well, as Plaintiff has indicated that he sued defendants only in their personal capacities. Because the timber sale permits were issued by Lake County, Plaintiff cannot bring a breach of contract claim against the individual defendants.

### 3. Retaliation

Plaintiff also objects to the Magistrate Judge's findings and conclusion that his claim for retaliation should be dismissed. Based on the Court's *de novo*

review of the record and the applicable law, the Court will overrule Plaintiff's objections.

IT IS HEREBY ORDERED that:

1. Defendants Nathan Eide, William Nixon, Laura Auron, Russell Conrow, and Pat Hondl's Motion for Summary Judgment, [Docket No. 24], is **GRANTED** in its entirety, as set forth in Magistrate Judge Brisbois's Report and Recommendation [Docket No. 39]; and

2. The present action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   December 11, 2018

s/ Michael J. Davis  
MICHAEL J. DAVIS  
United States District Court